UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL TUBBS,                                )
                                              )
    Plaintiff,                                )
                                              )
vs.                                           )     2:11-cv-92-PPS
                                              )
CAROLYN COLVIN,                               )
Acting Commissioner of Social Security        )
                                              )
    Defendant.                                )

## ORDER

Before the Court is Plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 33], which seeks $17,121.75 in attorneys' fees, a percentage of the past-due Social Security Disability Insurance benefits awarded by the Commissioner of Social Security to Plaintiff. For the reasons explained below, I find that Plaintiff's request is reasonable, and the motion is **GRANTED**.

## FACTUAL BACKGROUND

After being denied Disability Insurance Benefits and Supplemental Security Income in an administrative hearing, Plaintiff appealed his case to this Court in March 2011 [DE 1]. On September 11, 2012, I remanded Plaintiff's case because the administrative opinion denying his benefits ignored evidence in the record that supported Tubbs' claim [DE 29]. On October 31, 2012, I granted Plaintiff's application

for attorneys' fees of $4,467.37 under the Equal Access to Justice Act on the grounds that the government was not substantially justified in denying Plaintiff's benefits [DE 32].

On remand from this Court, Plaintiff then received a Notice of Award ("NOA") from the Commissioner in his favor. The NOA awarded Plaintiff $92,487.00 in back benefits [DE 33-1]. The Commissioner withheld a portion of the award for Plaintiff's counsel for his work on the case. Plaintiff now asks the court for approval of the $17,121.75 attorney fee. The Government does not object to the request [DE 34].

## DISCUSSION

Section 406(b) of the Social Security Act provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) is intended to control, but not displace, contingent fee arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The district court is to review the amount set by the fee agreement for reasonableness based on "the character of the representation and the results the representative achieved." *Id.* at 807. The Supreme Court described three situations in which courts have appropriately reduced fees as unreasonable: (1) the representation is substandard, (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, and (3) past-

2

due benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Here, Plaintiff entered into a twenty-five-percent contingency fee agreement with his attorney, Barry A. Schultz (DE 33-1). Plaintiff was awarded past due benefits in the amount of $92,487.00, so counsel's twenty-five-percent cut is $23,121.75. The Social Security Administration already awarded Schultz $6,000.00 of that amount for his work before that body. That leaves $17,121.75. In the Notice of Award letter, the Administration states Schultz is entitled to $13,343.00. But this appears to be a miscalculation on the part of the Administration as $23,151.75 minus $6,000.00 equals $17,151.75 not $13,343.00. So $17,151.75 it is.

This amount is reasonable. First, Mr. Schultz's representation was not substandard. On the contrary, he won a substantial award of back benefits for his client. Further, he did not cause any unnecessary delay.

Finally, though the total award is large in comparison to the 25 hours Schultz spent working on this case, it does not represent a windfall. Schultz works on a contingent fee basis, so the risk that he won't recover for his client, and thus won't be paid at all, has to be priced in to the computation of a reasonable fee. *See Bastic v. Bowen*, 691 F. Supp. 1176, 1177 (N.D. Ill. 1988) ("[A] universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe."). The risk of no recovery is high in a

Social Security case. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). In this context, then, an award of $31,216.48 is not unreasonable. And awards of a similar size have been upheld by other courts. *Rasumussen v. Colvin*, 2013 WL 4537316 (N.D. Ill. Aug. 27, 2013) (approving an award of $36,261.25); *Anderson v. Astrue*, 2011 WL 379042 (N.D. Ill. Jan. 27, 2011 (approving an award of $25, 534.88); *Reindl v. Astrue*, 2012 WL 4754737 (N.D. Ill. Oct. 4, 2011) (approving an award of $32,257.00). Schultz achieved the result his client sought in filing the suit and should be properly compensated for his work. The contractual continency arrangement, providing for an attorney's fee of twenty-five percent of the benefits awarded to Mr. Tubbs, is reasonable compensation for the representation provided in this case.

As noted, Plaintiff was awarded attorneys fees under the EAJA in the amount of $4,467.37 [DE 32]. If this money had gone to Schultz, he would be obligated to pay it back to the Plaintiff. That's because when fee awards are made under both the EAJA and § 406, the attorney must refund to the claimant the smaller fee. *Gisbrecht*, 535 U.S. at 796. But, in this case, those EAJA fees were used to pay down Plaintiff's outstanding federal debt so no EAJA offset is necessary.

## CONCLUSION

Plaintiff's Motion for Attorneys' Fees [DE 33] is **GRANTED.** The Court **GRANTS** Counsel's petition for §406(b) fees in the amount of $17,121.75.

4

The Court **ORDERS** that payment by the Commissioner in the amount of $17,121.75. be paid directly to The Law Offices of Barry A. Schultz, P.C., in accordance with the agreement signed by Plaintiff

**SO ORDERED.**

Entered: February 13, 2015.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT